**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, | No. CR-19-344-01-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Robert Anthony Carter, | |
| Defendant. | |

Robert Anthony Carter has attempted to remove his state criminal case to this Court. Doc. 1. The Court will remand the case to state court.

Generally, "a federal court should abstain from interfering with ongoing state criminal proceedings[.]" *Gedo v. Idaho*, No. CV 09-00166-E-BLW, 2009 WL 2848850, at *1 (D. Idaho Aug. 28, 2009) (citing *Younger v. Harris*, 401 U.S. 37, 43-45 (1971)). A state prosecution may be removed to federal court under the narrow circumstances set forth in 28 U.S.C. § 1442-43. Pursuant to 28 U.S.C. § 1446, the federal court must examine the defendant's removal papers "to determine whether removal is appropriate, and the court has the authority to remand a case, sua sponte, for lack of subject matter jurisdiction." *Gedo*, 2009 WL 2848850, at *1; *see also* 28 U.S.C. § 1455(b)(4).

Because Mr. Carter does not assert that he is a federal officer or a member of the United States armed forces, §§ 1442 and 1442a do not apply.

Section 1443(1) is strictly construed against removal as "it is considered an encroachment on state court jurisdiction." *Johnson v. Washington*, No. C07-0696-MJP,

2007 WL 2377141, at *1 (W.D. Wash. Aug. 15, 2007). It authorizes removal where the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States[.]" 28 U.S.C. § 1443(1). "This generally requires a state law or constitutional provision that denies the defendant an opportunity to raise a federal right." *Hollander v. S.F. County Super. Ct.*, No. C 09-519 SI (pr), 2009 WL 975428, at *1 (N.D. Cal. Apr. 9, 2009) (citing *Johnson v. Mississippi*, 421 U.S. 213, 220 (1975)). Mr. Carter has identified no state law or constitutional provision that denies him the opportunity to raise a federal right in state court, nor has he shown that he will be unable to enforce a federal right in state court.

Section 1443(2) authorizes removal "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). The Supreme Court has construed this provision as conferring "'a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights.'" *Gedo*, 2009 WL 2848850, at *1 (quoting *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966)). This case does not fall within that category.

**IT IS ORDERED** that the Clerk shall remand this case to Superior Court.

Dated this 5th day of April, 2019.

_____
Honorable Susan M. Brnovich
United States District Judge